UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DARRYL BAKER, #19613039

               Plaintiff,               CIVIL ACTION NO. 09-10360

               v.                        DISTRICT JUDGE NANCY G. EDMUNDS

BANNUM PLACE OF SAGINAW,      MAGISTRATE JUDGE MARK A. RANDON
LATOYA BURNSIDE, DOROTHY
JONES, CLAIRINET McFADDEN,
VERTRICE ROBY, MR. LYONS,
MARK A. CUNEEN, JODY BRADELY
HENRY HOBSON and MS. FRIERSON,

               Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR JUDGMENT(DKT. NO. 33)
AND DEFENDANTS' MOTION TO DISMISS (DKT. NO. 39)**

## I.  INTRODUCTION

Plaintiff, a former halfway house resident at Bannum Place of Saginaw, filed this

action under 42 U.S.C. § 1983 alleging that multiple defendants violated his constitutional

rights. On November 10, 2009, the undersigned ordered the United States Marshal to

serve Plaintiff's Second Amended Complaint upon Defendants. (Dkt. No. 29)  The U.S.

Marshal Service acknowledged receipt of the service of process documents on November

13, 2009 (Dkt. No. 30), and, thereafter, individually mailed Defendants requests for "waiver

of service" under Fed. R. Civ. P. 4(d).  The waiver of service documents were returned

- 1 -

*unexecuted* as to each Defendant on February 25, 2010.  Therefore, Defendants have not yet been served.

Before the Court are two motions: (1) Plaintiff's motion for judgment – based on Defendants failure to file a response to his Second Amended Complaint (Dkt. No. 33); and (2) Defendants' motion to dismiss – based on Plaintiff's failure to serve his Second Amended Complaint within 120 days pursuant to Fed. R. Civ. P. 4(m). (Dkt. No. 39)  For the reasons set forth below, the undersigned finds good cause to extend the time of service for Plaintiff's Second Amended Complaint for an additional 120 days and **via separate order** will direct the U.S. Marshal to once again send waiver of service requests to each Defendant before attempting personal service.  As to the pending motions, **IT IS RECOMMENDED** that both motions be **DENIED** as moot for the reasons set forth below.

## II.  DISCUSSION

Federal Rule of Civil Procedure 4 provides, in relevant part:

**(d) Waiving Service.**
> ***(1) Requesting a Waiver.***  An individual, corporation, or association that is subject to service under rule 4(d), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.  The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of summons.

> \*    \*    \*

> ***(2) Failure to Waive.***  If a defendant located with the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located with the United States, the court must impose on the defendant:
>> **(A)** the expenses later incurred in making service; and
>> **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

\*   \*   \*

**(m) Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

In their respective motions, Plaintiff seeks entry of judgment against Defendants for failure to answer his unserved Second Amended Complaint, and Defendants seek dismissal of Plaintiff's action for failure to serve them within 120 days.  Both motions should be denied.

With respect to Plaintiff's motion, nothing in Rule 4 requires a defendant to forego traditional service and execute a waiver of service; the only penalty for failing to waive service is set forth in Fed. R. Civ. P 4(d)(2).  Since Defendants refused to waive service and the U.S. Marshal did not otherwise effectuate service, no judgment can be entered against Defendants.  As to Defendants' motion, it is inappropriate for a court to dismiss a *pro se* plaintiff's claim under Fed. R. Civ. P. 4(m) where IFP status has been granted and the plaintiff must rely on the U.S. Marshal to effectuate service.  *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986).  *See also Haines v. Kerner*, 404 U.S. 519 (1972) (pro se litigants given the benefit of liberal interpretation of federal rules).

In this instance, the undersigned finds good cause to extent the summons for service of Plaintiff's Second Amended Complaint since Plaintiff must rely upon the U.S. Marshal to effectuate service.  The undersigned will enter a separate order to that effect, rendering the pending dispositive motions moot.

## III. CONCLUSION

For the reasons state above **IT IS RECOMMENDED** that Plaintiff's motion for judgment (Dkt. No. 33) and Defendants' motion to dismiss (Dkt. No. 39) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: October 20, 2010

## CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 20, 2010.*

*S/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*

*Copy Mailed to:*
**Darryl Baker**, #19613039

4219 Winona
Flint, MI 48504

2.